# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ESTATE OF JEFFREY K. RUSSELL,** *by and through personal representative Kenley R. Gardner*, | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No.: 1:15-CV-1080-VEH<br>)<br>) |
| **CITY OF ANNISTON, SHANE DENHAM, GREG FEAZELL, WILLIAM WORTHAM, RANDY GARNER, and JAMES CAMPBELL,** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

## **MEMORANDUM OPINION AND ORDER**

**I.     Introduction and Procedural Background.**

This case stems from the tragic death of Jeffery K. Russell ("Mr. Russell"), who committed suicide in a jail cell at the City of Anniston jail after being arrested on February 20, 2014.

On June 26, 2015, the Estate of Jeffery K. Russell, by and through personal representative Kenley R. Gardner ("Plaintiff"), filed a complaint (the "Initial Complaint") against the City of Anniston, Shane Denham ("Mr. Denham"), Greg Feazell ("Mr. Feazell"), Nick Bowles ("Mr. Bowles"), and Fictitious Defendants

A, B, and C. On July 21, 2015, the Named Defendants[1] filed their answer, and on August 4, 2015, this action was reassigned to the undersigned. (Docs. 6, 9). On February 25, 2016, the Named Defendants filed an Amended Answer in order to assert new affirmative defenses. (Doc. 13).

On February 29, 2016, Plaintiff filed an amended complaint (the "Amended Complaint"), which identified Fictitious Defendants A, B, and C for the first time as Defendants James Campbell ("Defendant Campbell"), Randy Garner ("Defendant Garner"), and William Wortham ("Defendant Wortham") (together, the "Added Defendants"), respectively. (Doc. 14). Defendant Campbell was served on November 3, 2016, and Defendants Wortham and Garner were served on November 10, 2016. (Docs. 30, 33, 34).

On November 18, 2016, the three Added Defendants filed a Motion To Dismiss the claims filed against them as time-barred by the applicable statute of limitations. (Doc. 35). Plaintiff responded on November 25, 2016, and the Added Defendants replied on December 9, 2016. (Docs. 37, 40). The Motion To Dismiss is ripe for this Court's disposition.

---

[1] The City of Anniston, Mr. Denham, Mr. Feazell, and Mr. Bowles answered the complaint jointly. However, Mr. Bowles was dismissed from this action *pro tanto* on October 7, 2016. (Doc. 21). Accordingly, the "Named Defendants" hereinafter refers to the City of Anniston, Mr. Denham, and Mr. Feazell.

## II. Legal Standard.

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* FED. R. CIV. P. 12(b)(6) ("[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting FED. R. CIV. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* FED. R. CIV. P. 8(a) (setting forth general pleading requirements for a complaint including providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a

claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"'[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred' because '[a] statute of limitations bar is an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.' *Lindley v. City of Birmingham*, 515 F. App'x 813, 815 (11th Cir. 2013) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)). At the motion to dismiss stage, "a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Id.* (citing *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005)).

### III. Factual Allegations.

The decedent, Mr. Russell, was arrested on February 20, 2014, in Anniston, Alabama. (Doc. 14 at 6). Upon his arrest, he was booked into the City of Anniston municipal jail. *Id.* Prior to being placed in a jail cell, Mr. Russell's personal clothing, which included two shoes, shoestring, socks, pants, underwear, dress shirt, and a necktie, was not removed. *Id.*

At approximately 9:00 a.m. on February 21, 2014, Mr. Russell was found unresponsive in his jail cell and was subsequently pronounced deceased by the Calhoun County coroner's office. *Id.* Plaintiff alleges, upon information and belief, that Mr. Russell's cause of death was strangulation via a noose fashioned from his necktie. *Id.* at 7. Plaintiff also alleges that, at the time relevant to this action, nine civilian correctional officers were employed at the City of Anniston municipal jail along with two civilian inmate supervisors. *Id*.

## IV. Analysis

### A. Applicable Statute of Limitations

In Counts I and II, Plaintiff alleges Section 1983 constitutional violations. In Count III, Plaintiff alleges violations of Section 504 of the Rehabilitation Act of 1973 (the "RA") and the Americans with Disabilities Act (the "ADA").

All constitutional claims brought pursuant to Section 1983 are "tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (internal citation omitted). In Alabama, that limitations period is two years. *Id.* (citing *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)) ("[T]he two year limitations period . . . applies to section 1983 actions in Alabama."). Similarly, for discrimination claims under the ADA and the

RA, "the applicable limitations period is governed by the most analogous state statute of limitations . . . in Alabama, where this action was brought, the applicable limitations period is two years." *Horsley v. University of Alabama*, 564 F. App'x 1006, 1008, 306 Ed. Law. Rep. 687 (11th Cir. 2014) (citing *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1409-10 (11th Cir. 1998)).

The decedent died on February 21, 2014, so any Section 1983, ADA, or RA claims needed to have been brought by February 21, 2016. The claims against the Named Defendants are timely, as Plaintiff filed the Initial Complaint on June 26, 2015 (doc. 1). The claims against the Added Defendants, however, are untimely, as Plaintiff did not filed the Amended Complaint until February 29, 2016 (doc. 14). Accordingly, the claims against the Added Defendants are time-barred unless the Amended Complaint, particularly the claims against the Added Defendants, relate back to the timely-filed claims.

### B. Relation Back of Claims Under Rule 15(c)(1)(C)

Rule 15(c)(1) governs the relation back of amended pleadings and states as follows:

> **(1)** ***When an Amendment Relates Back***. An amendment to a pleading relates back to the date of the original pleading when:
>
> **(A)** the law that provides the applicable statute of limitations allows relation back;

    **(B)**    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or

    **(C)**    the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        **(i)**    received such notice of the action that it will not be prejudiced in defending on the merits; and

        **(ii)**    knew or should have known that the action would have been brought against it, but for a mistake concerning the property party's identity.

FED. R. CIV. P. 15(c)(1). As the Supreme Court has explained, all three requirements under Rule 15(c)(1)(C) must be met before an amended complaint against a newly-named defendant can relate back:

> First, the claim against the newly named defendant must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B), (C). Second, "within the period provided by Rule 4(m) for serving the summons and complaint" (which is ordinarily 120 days from when the complaint is filed, *see* Rule 4(m)), the newly named defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits." Rule 15(c)(1)(C)(i). Finally, the plaintiff must show that, within the Rule 4(m) period, the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii).

*Krupski v. Costa Crociere*, 560 U.S. 538, 545, 130 S. Ct. 2485, 2491-92, 177 L.

Ed. 2d 48 (2010).

No party disputes that the claims asserted in the Amended Complaint arise from the same conduct, transaction, or occurrence as set out in the Initial Complaint. (*See* Doc. 37 at 4; Doc. 40 at 1). However, the parties vigorously dispute whether the other two requirements of Rule 15(c)(1)(C) have been satisfied.

Relation back under Rule 15(c)(1)(C) "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 560 U.S. at 541, 130 S. Ct. at 2490. The Rule asks "what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing [his or] her original complaint." *Id.* (emphases in original).

Therefore, the operative issue is not whether Plaintiff knew or should have known the identities of Mr. Campbell, Mr. Garner, and Mr. Wortham, but rather whether the Added Defendants themselves knew or should have known that they would be named as defendants "but for an error." *Id.* at 548; *see also Lindley*, 515 F. App'x at 815 (internal citation omitted) (affirming that "the pertinent question is whether within the Rule 4(m) period the defendant knew or should have known

that it would have been named as a defendant but for an error").

Though neither party cites to *Lindley*, the Court finds that case analogous. In *Lindley*, the original complaint was timely filed and listed "Defendant Nurse Frida (last name unknown)" and "Defendant Correctional Officer John Doe (identity unknown), whether singular or plural," as parties. 515 F. App'x at 816. The district court held, in part, that the amended complaint, which properly identified the five additional defendants in question but which was filed outside of the applicable statute of limitations, did not relate back because the plaintiff failed to demonstrate that the five additional defendants knew or should have known that they would be sued by the plaintiff. *Id.* at 815.

The Eleventh Circuit reversed, concluding that even if the district court was correct that there was insufficient evidence to demonstrate that the plaintiff "had or should have had the requisite notice, this fact is not apparent from the face of the complaint." *Id.* at 816. Furthermore, "[w]hile the parallelism between the Initial Complaint and the Amended Complaint does not prove notice sufficient to satisfy Rule15(c)(1)(C), neither does it disprove such notice." *Id.* Accordingly, the Eleventh Circuit concluded that, at the motion to dismiss stage, "nothing on the face of the complaint establishes that the plaintiff can prove no set of facts to toll the statute of limitations." *Id.* at 16017.

9

Like in *Lindley*, the Added Defendants in this action were identified as correctional officers in the Initial Complaint:

9. Fictitious Defendant A ("FDA") is identified as an employee of ANNISTON who, at the relevant time he was acting under the color of state law and was working at the Municipal Jail operated by ANNISTON. FDA shared in the responsibility to ensure the safety of Russell, while Russell was confined in ANNISTON's Municipal Jail and on or about February 20-21, 2014, FDA breached that duty. FDA was employed by the APD as correctional officers assigned to the location where Russell died. They were responsible for communicating serious medical conditions of detainees like Russell's to medical staff. On information and belief, they were also responsible for monitoring Russell when he was in custody or for insuring that other APD employees did the required checks. FDA's true identity will be substituted upon being learned.

10. Fictitious Defendant B ("FDB") is identified as an employee of ANNISTON who, at the relevant time he was acting under the color of state law and was working at the Municipal Jail operated by ANNISTON. FDB shared in the responsibility to ensure Russell's safety while Russell was confined in ANNISTON's Municipal Jail and on or about February 20-21, 2014, FDB breached that duty. FDB was employed by the APD as correctional officers assigned to the location where Russell died. They were responsible for communicating serious medical conditions of detainees like Russell's to medical staff. On information and belief, they were also responsible for monitoring Russell when he was in custody or for insuring that other APD employees did the required checks. FDB's true identity will be substituted upon being learned.

11 Fictitious Defendant C ("FDC") is identified as an employee of ANNISTON who, at the relevant time he was acting under the color of state law and was working at the Municipal Jail operated

> by ANNISTON. FDC shared in the responsibility to ensure Russell's safety while Russell was confined in ANNISTON's Municipal Jail and on or about February 20-21, 2014, FDC breached that duty. FDC was employed by the APD as correctional officers assigned to the location where Russell died. They were responsible for communicating serious medical conditions of detainees like Russell's to medical staff. On information and belief, they were also responsible for checking on Russell when he was in isolation or for insuring that other APD employees did the required checks. FDC's true identity will be substituted upon being learned.

(Doc. 1 at 4-5). Plaintiff further alleged in the Initial Complaint that, at the time relevant to this action, there were nine correctional officers employed by the City of Anniston's municipal jail, as well as two civilian inmate supervisors. *Id.* at 7. Other than identifying Fictitious Defendants A, B, and C as Mr. Campbell, Mr. Garner, and Mr. Wortham, respectively, the Amended Complaint parallels the Initial Complaint and asserts no new claims for relief. (*See* Docs. 1, 14).

The Added Defendants cite to *Bloom v. Alvareze*, 498 F. App'x 867 (11th Cir. 2012) to support their contention that pleadings where parties are subsequently identified by amendment are not "mistakes in the identity of a party" sufficient to meet the requirements of Rule 15(c)(1)(C). In *Bloom*, the Eleventh Circuit stated that Rule 15 does not support relation back "where the potential defendants should not necessarily have known that, absent a mistake by the plaintiff, they would have sued" and concluded that the plaintiffs did not

sufficiently identify how the added defendants were put on notice of the filing of the original complaint *Id.* at 873.

The Court agrees that, like in *Bloom* and in *Lindley*, "[t]his is not the case of mistaken identity of a party" in the sense that Plaintiff did not *misidentify* certain correctional officers. *Id.* at 873. However, unlike in *Bloom*, the Court cannot unequivocally determine from the face of the Initial Complaint that the Added Defendants were not on notice that Plaintiff intended to name them as Defendants. Whether the Added Defendants knew or should have known within 120 days of the filing of the Initial Complaint that Plaintiff intended to sue them is an inherently factual question that is underdeveloped at this early stage in the litigation. Furthermore, *Bloom*, which preceded the Eleventh Circuit's decision in *Lindley*, did not address a situation where a "John Doe" party was later identified via an amended pleading. *Lindley* is therefore more factually applicable to this action.

In light of the Supreme Court's decision in *Krupski* and the Eleventh Circuit's willingness in *Lindley* to allow "John Doe" parties to be subsequently identified via amendment so as to avoid a limitations period, this Court is unable to say beyond a doubt that Plaintiff could prove no set of facts that toll the statute of limitations.

## V. CONCLUSION

For the above reasons, the Court finds that the claims against the Added Defendants relate back to the original Complaint so as to avoid the bar imposed by the applicable statute of limitations. Accordingly, the Motion To Dismiss (doc. 35) is hereby **DENIED.**

**DONE** and **ORDERED** this the 23rd of August, 2017.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge