# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ESTATE OF JEFFERY K. RUSSELL,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Civil Action No.: |
| ] | 1:15-cv-1080-VEH |
| **CITY OF ANNISTON, ALABAMA, et al.** ] | |
| ] | |
| **Defendants.** ] | |

## RULE 56(d) AFFIDAVIT OF H. GREGORY HARP IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

I, Hoyt Gregory Harp, pursuant to 28 U.S.C. § 1746, hereby declare;

1. I am a member in good standing of the Bar of the State of Alabama. I have been admitted to practice before this Court since September 2007.

2. I am the attorney of record for the Plaintiff in this case. I have been involved in all aspects of this case.

3. I have personal knowledge of all facts in this case, including the procedural history, all correspondence with opposing counsel and the discovery process to date.

4. I respectfully submit this Declaration in support of the Plaintiff's opposition to the motion for summary judgment filed by defendants James Campbell ("Campbell"), William Wortham ("Wortham"), and Randy Garner ("Garner"). Unless the singular names are needed for specific identification

1

purposes, I will refer to the defendants collectively as the "Remaining Defendants".

5. As set forth in the Plaintiff's motion, the Plaintiff respectfully requests that the Court deny the Remaining Defendants' motion. In the alternative, the Plaintiff requests that the Court defer consideration of the Remaining Defendant's motion, pursuant to the Federal Rule of Civil Procedure 56(d) to allow the Plaintiff a reasonable opportunity to take discovery and present facts specifically related to the arguments and submitted evidentiary support of the Remaining Defendants' in their motion.

**Procedural History**

6. The Remaining Defendants were joined into this action via the Amended Complaint on February 29, 2016 (Doc. 14).

7. Campbell was served with a copy of the Amended Complaint on November 2, 2016 (Doc. 30).

8. On November 9, 2016, a motion for summary judgment was filed by now-dismissed defendants City of Anniston, Alabama, Shane Denham, and Greg Feazell. Attached to the motion was evidentiary material including an affidavit authored by Campbell (Doc. 23-4). The Campbell affidavit was dated October 6, 2016, twenty-seven (27) days before Campbell was served with a copy of the Amended Complaint.

9. Wortham was served with a copy of the Amended Complaint on November 10, 2016 (Doc. 33).

10. Garner was served with a copy of the Amended Complaint on November 10, 2016 (Doc. 34).

11. On November 18, 2016, the Remaining Defendants filed a joint motion to dismiss (Doc. 35).

12. The Plaintiff filed a response to the motion to dismiss on November 25, 2016 (Doc. 37).

13. The Remaining Defendants filed a reply brief to the Plaintiff's response on December 9, 2016 (Doc. 40).

14. On August 23, 2017, the Court entered an Order and Memorandum Opinion denying the Remaining Defendants' motion to dismiss (Doc. 41).

15. On September 21, 2017, the Remaining Defendants filed an Answer to the Amended Complaint (Doc. 45).

16. After the Remaining Defendants filed their Answer, the undersigned and counsel for the Plaintiff meet and conferred pursuant to Rule 26 (Exhibit A – Email exchange, November 26, 2017 re Report of Parties' Planning Meeting).

17. On September 27, 2017, the parties filed a joint Rule 26 Report of Parties Planning Meeting (Doc. 46).

18. On October 4, 2017, the Court issued a Second Scheduling Order which set a discovery "cutoff" date of March 28, 2018 (Doc. 47.)

19. On October 6, 2017, the Plaintiff supplied the Remaining Defendants with the Plaintiff's Initial Disclosures.

20. On October 12, 2017, the Remaining Defendants supplied to the Defendants' Initial Disclosures.

21. In the spirit of cooperation, on November 15, 2017, the undersigned sent email correspondence to counsel for the Remaining Defendants in an attempt to work out dates that the Remaining Depositions could sit for depositions Exhibit B – November 15, 2017 Email Correspondence).  The undersigned never received a response to the email.

22. On November 15, 2017, the Remaining Defendants filed a Suggestion of Death Upon the Record as to James Campbell (Doc. 48).

23. Upon receipt of the suggestion of the death of Campbell, the undersigned contacted counsel for the Remaining Defendants and inquired whether an estate had been opened for Campbell.  On December 5, 2017, the Remaining Defendant's counsel's reply indicated that he (1) did not know if an estate for Campbell was open and (2) had no reason to know that information.  In response, on December 6, 2017, the undersigned again asked the Remaining Defendant's

4

counsel for dates that Wortham and Garner could sit for deposition. (Exhibit C – Email Correspondence December 5-6, 2017).

24. The Remaining Defendants then filed their motion for summary judgment on December 6, 2017 (Doc. 49).

**Discovery Needed**

25. The Plaintiff generally needs to depose Wortham and Garner regarding their factual knowledge of the events that give rise to the claims against them.

26. The Plaintiff Generally needs to propound requests for admission and requests for production upon Wortham and Garner.

27. Specifically, the Plaintiff needs discovery regarding the claims made by Wortham in his Declaration submitted as evidentiary support to the Remaining Defendants' summary judgment motion (Doc. 51-2).

28. The Plaintiff needs specific, discoverable information from Wortham regarding when he first became aware of the lawsuit filed against he and the other defendants both current and dismissed.

29. The Plaintiff needs specific, discoverable information from Wortham regarding his actions on the date and day before the suicide of Jeffery Russell ("Russell").

30. The Plaintiff needs specific, discoverable information regarding all statements, reports, and other forms that Wortham authored, filled out, or otherwise participated in completing.

31. The Plaintiff needs specific, discoverable information from Wortham regarding his averments in his Declaration regarding finding Russell with a necktie around his neck (Doc. 51-2 ¶ 2). The Plaintiff specifically seeks to know Wortham's knowledge of why Russell had a necktie in his cell, who was responsible for searching Russell prior to him being placed in his cell, and why Russell was not divested of the necktie.

32. The Plaintiff needs specific, discoverable information regarding all interviews that Wortham has given regarding his knowledge of the filing of this lawsuit as described in Doc. 51-2 at ¶ 4.

33. The Plaintiff needs specific, discoverable information from Wortham regarding his interactions with Russell described in his Declaration (Doc. 51-2 ¶ 9).

34. The Plaintiff needs specific, discoverable information from Wortham regarding any interviews he conducted or participated in which relate in any way to Russell's suicide.

35. The Plaintiff also needs to take the deposition of Wortham to: (1) inquire about the alleged facts contained in Wortham's affidavit offered in support of his summary judgment motion.

36. The Plaintiff needs specific, discoverable information from Garner regarding the alleged facts contained in his affidavit offered in support of his motion for summary judgment.

37. Specifically, the Plaintiff needs relevant, discoverable information regarding the responsibilities of Garner and duties owed to Russell during the booking process of Russell into the Anniston City Jail.

38. The Plaintiff needs discoverable information from Garner relevant to the reprimand Garner is alleged to have received after Russell's suicide (Doc. 51-1 ¶ 5).

39. The Plaintiff needs specific, relevant, discoverable information regarding Garner's knowledge of the newspaper article that mentioned "three corrections officers to be later named.", as contained in Garner's affidavit offered in support of his summary judgment (Doc. 51-1 ¶ 6).

40. The Plaintiff seeks the documents referenced in Garner's affidavit offered in support of his summary judgment motion.

41. The Plaintiff seeks documents necessary to contradict Garner's affidavit in support of summary judgment.

42. The Plaintiff seeks permission of the Court to conduct the deposition of Garner in order to discover answers to specific questions regarding Garner's knowledge of the facts in this case including all steps he took during his interactions with Russell.

43. The Plaintiff needs specific discovery from Wortham and Garner regarding the rules and regulations that each was to follow during their interactions with Russell including any forms they may have filled out regarding Russell's mental state at the time of his booking into the Jail.

44. The Plaintiff needs specific discovery from Wortham and Garner regarding the rules and regulations that Campbell was to follow during his interactions with Russell including any forms that Campbell was to fill out regarding Russell's mental state at the time of his booking in the Jail.

45. The Plaintiff needs specific discovery regarding Garner, Campbell and Wortham's failure to properly monitor Russell after he was placed into a cell at the Jail.

46. The Plaintiff needs specific discovery regarding Garner's and Wortham's knowledge of when this lawsuit was filed.

47. The Plaintiff needs specific discovery regarding any admissions of liability made by Garner to Wortham.

48. The Plaintiff needs specific discovery regarding any admission of liability made by Wortham to Garner.

49. The Plaintiff needs specific discovery regarding any admission of liability made by Campbell to either Wortham or Garner.

50. The Plaintiff will, in accordance with the Second Scheduling Order, direct requests for admission, requests for production and interrogatories to the attention of Garner and Wortham to obtain the aforementioned needed discovery.

51. The previously sought depositions of Garner and Wortham are crucial to the Plaintiff's rebuttal to the Remaining Defendants' summary judgment motion and accompanying affidavits in support thereof because depositions are "widely thought to be the most important step of the formal discovery process." *Subrin et al.*, Civil Procedure: Doctrine, Practice and Content 350 (2000).

52. Accordingly, the Plaintiff requests that the correct allow the Plaintiff to conduct discovery on the issues and matters set forth above.

I declare, under the pains of perjury under the laws of the United States of America, that the forgoing is true and correct. Executed on this 2nd day of January 2018.

_____
Hoyt Gregory Harp (asb-0904-t75h)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon the following counsel of record via electronic and/or regular mail, or/and via CM/ECF electronic filing system on Tuesday, January 2, 18:

H. Edgar Howard, Esquire
FORD, HOWARD & CORNETT, P.C.
Post Office Box 388
Gadsden, Alabama 35902
256-546-5432
256-546-5435 Fax
ed@fordhowardcornett.com

*/s/ H. Gregory Harp*