IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ESTATE OF JEFFREY K. RUSSELL,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:15-CV-1080-VEH ) |
| **WILLIAM WORTHAM, RANDY GARNER, and JAMES CAMPBELL,** | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

**I.　INTRODUCTION**

Before the Court is Defendants' Motion for Summary Judgment (Doc. 49) and Plaintiff's Rule 56(d) Motion (Doc. 52). For the reasons herein stated, the Rule 56(d) Motion is **GRANTED in part**. The Court will grant Plaintiff 21 days to substantively respond to the Motion for Summary Judgment. Defendants have 14 days to reply thereafter. The Court will take the Motion for Summary Judgment under submission at that time.

Plaintiff originally filed his Complaint in the Northern District of Alabama on June 26, 2015. (Doc. 1). Plaintiff filed his Amended Complaint on February 29, 2016.

(Doc. 14). The events of the Amended Complaint stem from a tragic suicide while Mr. Russell was in the City of Anniston municipal jail. (*See id.* at 6). Mr. Russell was booked into jail on February 20, 2014, and found unresponsive in his cell the next day. (*See id.*).

## II. RULE 56(D) STANDARD

Judge Steele in *Vision Bank v. Merritt* ably states the relevant rule:

> That rule provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* This rule is "infused with a spirit of liberality." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir.1989). The grant or denial of relief under Rule 56(d) lies within the sound discretion of the trial court. *See Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir.1989).
>
> Notwithstanding the discretionary nature of Rule 56(d), there are black-letter limits to the exercise of that discretion. The law of this Circuit provides that, as a general proposition, "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir.1997) (citations omitted); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion."); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir.1988) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); *Baucom v. Sisco Stevedoring, LLC*, 506 F.Supp.2d 1064, 1067 n. 1

(S.D.Ala.2007) (reciting general rule). Thus, "[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook*, 859 F.2d at 870. Where district courts fail to honor these principles, appellate courts have found error. *See, e.g., Jones*, 120 F.3d at 253 (district court abused its discretion in deciding summary judgment motion where plaintiffs never had opportunity to examine requested documents or to depose defendant's witnesses); *Dean*, 951 F.2d at 1213–14 (district court abused discretion by granting summary judgment for defendant without ruling on plaintiff's motion to compel, such that summary judgment was entered on potentially inadequate record).

That said, something more than a casual citation to Rule 56(d) is needed before a nonmovant may be granted relief from a precipitous summary judgment motion. In particular, the party seeking to delay adjudication of the motion "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone*, 862 F.2d at 843 (citations and internal quotations omitted).

*Vision Bank v. Merritt*, No. 10–0301-WS–C, 2010 WL 5474161, *2 (S.D. Ala. Dec. 8, 2010) (Steele, J.) (internal footnotes omitted). The case goes on to state that:

A party cannot use Rule 56(d) as a springboard for a fishing expedition or a delay tactic, but must instead specify what documents or discovery are needed, and why those materials are relevant to the issues raised on summary judgment.

*Id.* at *3.

## III. ANALYSIS

With those principles in mind, the Court turns to the motions at hand. These motions are really the second act of the Defendants' attempts to show the Court that the Plaintiff's claims are barred by the statute of limitations. The Court has previously discussed this issue, in its opinion from last August:

> In Counts I and II, Plaintiff alleges Section 1983 constitutional violations. In Count III, Plaintiff alleges violations of Section 504 of the Rehabilitation Act of 1973 (the "RA") and the Americans with Disabilities Act (the "ADA").
>
> All constitutional claims brought pursuant to Section 1983 are "tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (internal citation omitted). In Alabama, that limitations period is two years. Id. (citing *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)) ("[T]he two year limitations period . . . applies to section 1983 actions in Alabama."). Similarly, for discrimination claims under the ADA and the RA, "the applicable limitations period is governed by the most analogous state statute of limitations . . . in Alabama, where this action was brought, the applicable limitations period is two years." *Horsley v. University of Alabama*, 564 F. App'x 1006, 1008, 306 Ed. Law. Rep. 687 (11th Cir. 2014) (citing *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1409-10 (11th Cir. 1998)).
>
> The decedent died on February 21, 2014, so any Section 1983, ADA, or RA claims needed to have been brought by February 21, 2016. The claims against the Named Defendants are timely, as Plaintiff filed the Initial Complaint on June 26, 2015 (doc. 1). The claims against the Added Defendants, however, are untimely, as Plaintiff did not [file] the Amended Complaint until February 29, 2016 (doc. 14). Accordingly, the claims against the Added Defendants are time-barred unless the

Amended Complaint, particularly the claims against the Added Defendants, relate back to the timely-filed claims.

(Doc. 41 at 5-6). Basically, the Defendants argue that the Plaintiff is eight days too late. (*See* Doc. 50 at 14). Back in August, the Court was not willing to say that the claims did not relate back. (*See* Doc. 41 at 12) ("Whether the Added Defendants knew or should have known within 120 days of the filing of the Initial Complaint that Plaintiff intended to sue them is an inherently factual question that is underdeveloped at this early stage in the litigation. . . . [T]his Court is unable to say beyond a doubt that Plaintiff could prove no set of facts that toll the statute of limitations."). Now, the Defendants are moving for summary judgment on very similar grounds.

Plaintiff filed the Rule 56(d) Motion in response to the Motion for Summary Judgment. (Doc. 52). Along with the Rule 56(d) Motion is an affidavit from Hoyt Gregory Harp, "attorney of record for the Plaintiff." (Doc. 52-1 at 1). That affidavit sets out the discovery that is allegedly needed by the Plaintiff. (*Id.* at 5-9). Plaintiff's brief restates the relevant Rule 56(d) standard, and relies on the affidavit to show the needed discovery. (*See* Doc. 53 at 8-9). Plaintiff argues that, without the discovery, "Plaintiff will suffer real and actual prejudice." (*See id.* at 9).

The Defendants oppose the Rule 56(d) Motion. (*See* Doc. 55). They argue that the majority of the requested discovery is irrelevant to the summary judgment motion.

(*See id.* at 3) (noting that only "paragraphs 28, 32, 39, 46, and 51" are relevant). Defendants argue that the Plaintiff's affidavit "constitute[s] vague assertions that further discovery will produce unspecified facts." (*Id.* at 4) (citing *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990)).

Additionally, Defendants argue that Plaintiff was dilatory in seeking discovery, noting that they were identified in an initial disclosure from back in 2015. (*See id.* at 6-7 n.3). Defendants also argue that "[qualified immunity] militates in favor of defendants and against plaintiff's motion." (*Id.* at 10).[1]

Lastly, Defendants note that the Rule 56(d) Motion was filed beyond 21 days from the filing of the Motion for Summary Judgment. (*See id.* at 11). The Motion for Summary Judgment was filed on December 6, 2017. (Doc. 49). Plaintiff did not file her Rule 56(d) Motion until January 2, 2018. (Doc. 52). Defendants argue that this

---

[1] The Eleventh Circuit has stated that:

In qualified immunity cases, the Rule 56(f) balancing is done with a thumb on the side of the scale weighing against discovery. Qualified immunity provides " 'an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question.' " *Behrens v. Pelletier*, 516 U.S. 299, 306, 116 S.Ct. 834, 838–39, 133 L.Ed.2d 773 (1996) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)). For that reason, once a defendant raises the defense, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford–El v. Britton*, ––U.S. ––, ––––, 118 S.Ct. 1584, 1596, 140 L.Ed.2d 759 (1998).

*Harbert Intern., Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).

"is a factor to be accorded significant weight by the Court." (*See id.* at 12) (citing other sources).

Considering all the facts, procedural history, and parties' arguments, in its discretion, this Court finds it appropriate to **GRANT** the Rule 56(d) Motion.

First, the Court is not convinced that the Plaintiffs have been truly dilatory in seeking discovery. A relevant time-line is helpful. It is true that the Plaintiffs have known of the existence of the Defendants since the initial disclosures Defendants claim were submitted "on or about August 14, 2015." (Doc. 55 at 6). Under the first Scheduling Order, discovery was to be completed by July 28, 2016. (Doc. 12). The Amended Complaint, containing the remaining Defendants, was filed on February 29, 2016. (Doc. 14). The discovery deadline was later amended to September 12, 2016, by a margin order. (Doc. 17). On November 18, 2016, the Defendants filed a Motion To Dismiss. (Doc. 35). This Court ruled on that motion on August 23, 2017. (Doc. 41). The Court entered a second scheduling order on October 4, 2017, setting March 28, 2018, as the discovery deadline. (Doc. 47). Plaintiff's attorney claims that he attempted to set deposition dates on November 15, 2017, but "never received a response to [his] email." (*See* Doc. 52-1 at 4). Plaintiff's attorney claims that he asked again to set a time for depositions on December 6, 2017, the same day the present motion for summary judgment was filed. (*See id.* at 4-5).

The Court notes that its Memorandum Opinion entered in late August 2017 states that the factual record was not developed on the issue of notice. (*See* Doc. 41 at 12). The Court then contemplated that there might be some discovery on that issue. (*See id.*). The parties did not submit their Rule 26(f) report until September 27, 2017. (Doc. 46). In that report, they decided that discovery would be completed by March 28, 2018. (*Id.* at 3). The Court did not enter the second scheduling order until early October. (Doc. 47). The Plaintiff made at least two attempts to set the depositions of the Defendants. (*See* Doc. 52-1 at 4-6). The Court finds the Defendants' counsel's apparent lack of cooperation significant.[2]

The Court is also cognizant of the argument that the Rule 56(d) Motion was untimely, having been filed more than 21 days after the motion for summary judgment. (*See* Doc. 55 at 11). There are two ways to view this argument. Either the Plaintiffs never filed a response to the motion for summary judgment (instead filing an independent motion for Rule 56(d)), or their response (the Rule 56(d) Motion) was untimely. In the Court's discretion, this is not enough to persuade the Court to deny an otherwise meritorious Rule 56(d) Motion. The Defendants have not cited any mandatory appellate Eleventh Circuit precedent holding otherwise. (*See* Doc. 55 at 11-15).

---

[2] The Court is relying on the Plaintiff's attorney's affidavit. (Doc. 52-1).

The Court is also sensitive to the qualified immunity concerns. While there may be a thumb on the scales,[3] that does not mean that the Defendants automatically win. Rather, in light of those concerns, the Court finds limited discovery appropriate. Limited discovery will permit the Plaintiff to adequately address the Motion for Summary Judgment while protecting the Defendants' interests in avoiding full-blown litigation.

Some of the portions of the affidavit relating to the Motion for Summary Judgment are as follows:

> 28. The Plaintiff needs specific, discoverable information from Wortham regarding when he first became aware of the lawsuit filed against he and the other defendants both current and dismissed.
>
>  . . .
>
> 34. The Plaintiff needs specific, discoverable information from Wortham regarding any interviews he conducted or participated in which relate in any way to Russell's suicide.
>
> 35. The Plaintiff also needs to take the deposition of Wortham to: (1) inquire about the alleged facts contained in Wortham's affidavit offered in support of his summary judgment motion.
>
> 36. The Plaintiff needs specific, discoverable information from Garner regarding the alleged facts contained in his affidavit offered in support of his motion for summary judgment.
>
>  . . .

---

[3] *See Harbert Intern., Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).

39. The Plaintiff needs specific, relevant, discoverable information regarding Garner's knowledge of the newspaper article that mentioned "three corrections officers to be later named.", as contained in Garner's affidavit offered in support of his summary judgment (Doc. 51-1 ¶ 6).

40. The Plaintiff seeks the documents referenced in Garner's affidavit offered in support of his summary judgment motion.

41. The Plaintiff seeks documents necessary to contradict Garner's affidavit in support of summary judgment.

. . .

46. The Plaintiff needs specific discovery regarding Garner's and Wortham's knowledge of when this lawsuit was filed.

. . .

51. The previously sought depositions of Garner and Wortham are crucial to the Plaintiff's rebuttal to the Remaining Defendants' summary judgment motion and accompanying affidavits in support thereof because depositions are "widely thought to be the most important step of the formal discovery process." *Subrin et al.*, Civil Procedure: Doctrine, Practice and Content 350 (2000).

(Doc. 52-1 at 5-9). In its discretion, the Court is satisfied that these declarations meet the required level of specificity needed to pass the Rule 56(d) standard. While the Rule 56(d) standard requires specificity, there is no requirement that a movant predict exactly what will be said at a deposition. *C.f.* FED. R. CIV. P. 56(d). Here, the Plaintiff has submitted an affidavit that he expects to obtain facts directly related to the issue of notice. This Court believes that the "plaintiff is entitled to discovery in order to .

. . test the veracity of the declaration testimony submitted by defendant." *See Royal Oak Enterprises, LLC v. Nature's Grilling Prods.*, No. 1:10-CV-2494-JEC, *LLC*, 2011 WL 5858057, *3 (N.D. Ga. Nov. 21, 2011). If the evidence is as the Defendants purport it to be, then they should have nothing to worry about. However, the Plaintiff is entitled to some limited discovery to permit an adequate response.

The ruling the Court issues today faithfully applies mandatory Eleventh Circuit precedent, is cognizant of court's persuasive authority, gives the Plaintiff an opportunity to have a fair chance to oppose the motion for summary judgment, and adequately protects the Defendants' qualified immunity interests.

## IV. CONCLUSION

In conclusion, the Rule 56(d) Motion is **GRANTED in part**. The Court hereby permits the Plaintiff to conduct discovery limited to the issues raised in the Motion for Summary Judgment. Realizing that the March 28 deadline for discovery is quickly approaching, such discovery must be completed by April 11, 2018. Plaintiff will have until May 9, 2018, to respond to the Motion for Summary Judgment. The Defendants will have 14 days to reply. The Motion for Summary Judgment will be taken under submission at that time.

**DONE** and **ORDERED** this the 21st day of March, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge