## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF JEFFERY K RUSSELL, by and through Personal Representative Kenley R. Gardner, | ] ] ] ] | |
| Plaintiff, | ] ] | |
| v. | ] ] | 1:15-cv-01080-ACA |
| CITY OF ANNISTON, et al., | ] ] | |
| Defendants. | ] | |

## MEMORANDUM OPINION

This matter comes before the court on a motion for summary judgment filed by the only remaining defendants in this case, James Campbell, Randy Garner, and William Wortham.  (Doc. 49).  Because Plaintiff's claims against the remaining defendants are barred by the statute of limitations, the court **WILL GRANT** the motion for summary judgment and **WILL ENTER** summary judgment in favor of Mr. Campbell, Mr. Garner, and Mr. Wortham and against Plaintiff.

On February 21, 2014, Jeffery Russell tragically committed suicide while in custody at Anniston's Municipal Jail.  (Doc. 14 at 6–7).  On June 26, 2015, Kenley R. Gardner, as Personal Representative of Mr. Russell's estate, filed suit under 42 U.S.C. § 1983, the Rehabilitation Act of 1973, and the Americans with Disabilities Act.  (Doc. 1).  The complaint listed four named defendants and three "fictitious

defendants." (*Id.*). On February 29, 2016, Ms. Gardner filed an amended complaint, identifying the three fictitious defendants as Mr. Campbell, Mr. Garner, and Mr. Wortham. (Doc. 14).

The problem is that in Alabama, a two-year statute of limitations applies in cases brought under § 1983, the Rehabilitation Act, and the Americans with Disabilities Act. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *Everett v. Cobb Cty. Sch. Dist.*, 138 F.3d 1407, 1409–10 (11th Cir. 1998); Ala. Code §§ 6-2-38(l), 6-5-410. In this case, the statute of limitations began running on February 21, 2014, the day of Mr. Russell's death. *See* Ala. Code § 6-5-410(d). It expired on February 22, 2016. *See id.* § 1-1-4. And although Ms. Gardner filed her initial complaint within the limitations period, she filed her amended complaint, which named Mr. Campbell, Mr. Garner, and Mr. Wortham for the first time, outside of it. As a result, her claims against those defendants are time-barred unless they relate back to the timely-filed claims raised in her initial complaint. *See* Fed. R. Civ. P. 15(c) (governing when an amendment to a pleading relates back to the original pleading).

Defendants contend that the amended complaint does not relate back to the initial complaint because Ms. Gardner has not satisfied the requirements of Federal Rule of Civil Procedure 15(c)(1)(C). (Doc. 50 at 15, 23–27). Ms. Gardner responds that Defendants waived their statute of limitations defense by failing to

assert it in their answer to her amended complaint, and that her amended complaint relates back in any event. (Doc. 58 at 11–25).

First, the court will address Ms. Gardner's waiver argument. Generally, a defendant waives an affirmative defense if he does not plead it. *See Am. Nat. Bank of Jacksonville v. FDIC*, 710 F.2d 1528, 1537 (11th Cir. 1983). But a failure to plead an affirmative defense does not waive that defense as long as the "plaintiff receives notice of [the] affirmative defense by some means other than pleadings" because in that case, the defendant's failure to plead the defense "does not cause the plaintiff any prejudice." *Grant v. Preferred Research, Inc.*, 885 F.2d 795 (11th Cir. 1989) (quotation marks omitted). Defendants raised the statute of limitations in a motion to dismiss the amended complaint and in this motion for summary judgment. (Docs. 35, 49). What's more, Ms. Gardner does not contend that she would be prejudiced by the court's consideration of the defense. Accordingly, the court finds that Defendants did not waive the defense.

Because Defendants did not waive their statute of limitations defense, the court will address whether Ms. Gardner's amended complaint relates back to her initial complaint. Rule 15 provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by [federal Rule of Civil Procedure] 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P.15(c)(1). Because the parties address only Rule 15(c)(1)(C), so will the court.

Because the amended complaint in this case "changes the party or the naming of the party against whom a claim is asserted," the amended complaint does not relate back unless it satisfies Rule 15(c)(1)(C). To do that, the amendment must satisfy both Rule 15(c)(1)(C) and (c)(1)(B). The parties agree that the amended complaint satisfies Rule 15(c)(1)(B). (*See* Doc. 41 at 8). The remaining elements are whether, within "the period provided by Rule 4(m)," the party to be brought in by the amendment (1) "received such notice of the action that it will not be prejudiced in defending on the merits"; and (2) "knew or should have known that the action would have been brought against it, but for a mistake

concerning the proper party's identity." Fed. R. Civ. P.15(c)(1)(C). Because the second prong is dispositive, the court will address only that one prong.

The Eleventh Circuit has held that a plaintiff's "lack of knowledge regarding the identities of the [defendants] was not 'a mistake concerning the identity of the proper party.'" *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (en banc). In that case, the plaintiff named several "John Doe" defendants, then, after the limitations period had passed, amended the complaint with the names of the proper defendants. *Id.* at 1101. The Court explained that "we do not read the word 'mistake' to mean 'lack of knowledge.' For these purposes, ignorance does not equate to misnomer or misidentification." *Id.* The Eleventh Circuit is not alone in so holding. *See Heglund v. Aitkin Cty.*, 871 F.3d 572, 579–80 (8th Cir. 2017) ("[N]aming a John Doe defendant is not a 'mistake.'. . . [T]he inclusion of 'John Doe' was not a 'wrong statement' in the sense of the definition. . . . [The statement] was an intentional misidentification, not an unintentional error, inadvertent wrong action, or 'mistake.'"); *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469-70 (2d

Cir. 1995); *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989).

The court notes that many of the cases addressing "mistake" were decided before the Supreme Court issued its decision in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 545 (2010). In that case, the Supreme Court held that "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of . . . the proper defendant, but whether [the defendant] knew or should have known that it would have been named as a defendant but for an error." *Id.* at 548. In *Krupski*, the district court and the Eleventh Circuit determined that an amended complaint did not relate back because the plaintiff amended it after she "knew or should have known of [the new defendant]'s identity as a potential party." *Id.* at 546. The Supreme Court reversed, stating that "[a] mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief,'" and it was "error to conflate knowledge of a party's existence with the absence of mistake." *Id.* (second alteration in original) (quoting Black's Law Dictionary, Mistake (9th ed. 2009)).

The *Krupski* decision does not overrule or abrogate the *Wayne* decision or the other decisions holding that lack of knowledge does not equate to a mistake. As the Eighth Circuit has explained, "[w]hile *Krupski* concluded that Rule 15(c) focuses largely on what a prospective defendant knew or should have known, the

Court was not confronted with an intentional error by a plaintiff that is incompatible with the very definitions of 'mistake' that governed the Court's decision." *Heglund*, 871 F.3d at 580. Thus, the *Krupski* decision does not hold that "'mistake' includes wrong acts or statements made with full knowledge that the named party is not the proper defendant." *Id.*

In this case, Ms. Gardner intentionally named fictitious defendants, presumably because she did not know the identity of the proper defendants. She "did not make a 'mistake' in the ordinary sense of the word when [she] intentionally sued [fictitious defendants] while knowing that [they were] not the proper defendant[s]." *Id.* at 581; *see also Wayne*, 197 F.3d at 1103. Thus, her claims against Defendants are barred by the two-year statute of limitations.

Accordingly, the court **WILL GRANT** the motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of James Campbell, Randy Garner, and William Wortham and against Plaintiff. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this August 22, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE